IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**WALTER HERNANDEZ, SR.,**

              **Plaintiff,**

    v.                                              CASE NO. 07-3004-SAC

**E.J. GALLEGOS, et al.,**

              **Defendants.**


**O R D E R**

Plaintiff, a prisoner currently incarcerated in a federal penitentiary in Florida, proceeds pro se and in forma pauperis on a complaint liberally construed by the court as seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

In his complaint, plaintiff seeks damages on allegations related to his exposure to second hand smoke while he was incarcerated in the United States Penitentiary in Leavenworth,

---

[1] Because plaintiff names only federal officials as defendants, the court construes the action as brought under <u>Bivens</u> which established that a victim of a constitutional violation by a federal agent acting under color of <u>federal</u> law has a right to recover damages against that official in federal court, and 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

To the extent plaintiff also cites 42 U.S.C. § 1983 as jurisdiction for his complaint, he names no defendant operating under color of <u>state</u> law for the purpose of stating any claim for relief under that statute. *See* <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Kansas (USPLVN) in 2003 and 2004. The two defendants named in the complaint are E.J. Gallegos, the USPLVN Warden, and Kendall Hughes, the USPLVN Chaplain Director of the Life Connection Program. Plaintiff claims these defendants violated federal law by not providing a smoke free environment, even after plaintiff brought infractions of the USPLVN smoking policy to each defendant's attention.

Plaintiff previously sought relief on similar allegations in a complaint filed in 2004 against the same defendants. *See* Hernandez v. Gallegos, Case No. 04-3344-MLB.[2] Pursuant to 42 U.S.C. § 1997e(a) and the "total exhaustion" rule in Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), that complaint was dismissed without prejudice on June 20, 2006.[3] The Tenth Circuit Court of Appeals procedurally terminated plaintiff's appeal on January 9, 2007, without further judicial action. The instant complaint, dated September 15, 2006, was docketed on January 4, 2007.

The court reviewed the record and found that even if the complaint were to be assumed as timely filed,[4] plaintiff's

---

[2] In his 2004 complaint, plaintiff alleged defendants failed to comply with the Bureau of Prisons smoking policy and allowed the sale of tobacco products. Plaintiff also alleged defendants subjected him to cruel and unusual punishment by forcing him to live with smoking cellmates for nine months, and not moving him to a non-smoking unit as he requested.

[3] Approximately seven months later, the Supreme Court abrogated the "total exhaustion" rule in Ross. *See* Jones v. Bock, 549 U.S. 199 (2007).

[4] The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Kansas,

allegations were insufficient to establish any claim of constitutional deprivation by either defendant. *See* Seigert v. Gilley, 500 U.S. 226 (1991)(to support a Bivens claim, the alleged conduct must rise to the level of a constitutional violation). Accordingly, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

In response to that show cause order, plaintiff contends the court misunderstood his claims. He argues the USPLVN Warden's decision to allow smoking in inmate cells violated a federal mandate and was an objectively unreasonable act that knowingly exposed plaintiff to dangerous second hand smoke which has caused plaintiff continuing health problems. Plaintiff further argues defendants

---

that period is two years. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. 1983). "[C]losely related questions of tolling and application" are also governed by state law. Wilson, 471 U.S. at 269. This includes application of a state's savings statute. West v. Conrail, 481 U.S. 35, 39-40 n. 6 (1987).
   The Kansas savings statute provides:
"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." K.S.A. 60-518.

failed to take corrective action in response to his complaints about second hand smoke, and retaliated against him.

Having reviewed the record, the court remains convinced that this action should be summarily dismissed.

The court first notes that plaintiff's claim of retaliation should be dismissed as time barred. In support of this claim, plaintiff points to his role in exposing the fact that defendant Hughes had created a security hazard by dispensing three ring binders that were being fashioned into weapons. Plaintiff contends defendant Hughes thereafter deliberately assigned smokers to plaintiff's cell in retaliation, and placed plaintiff in the Special Housing Unit "for a number of months." Plaintiff's broad claim of retaliation does not include specific dates, but clearly preceded plaintiff's alleged nine month stint of being housed with smoking cellmates. However, because plaintiff did not allege or assert any such facts or claim in his 2004 complaint, he may not rely on the Kansas savings statute to now add this new claim to his complaint.

Second, plaintiff's allegation that the USPLVN warden unlawfully allowed inmates to smoke in their cells appears directed at former USPLVN Warden Conner who signed the administrative response to plaintiff's grievance on November 21, 2003, stating in part that Bureau of Prisons Program Statement 1640.03 authorized the Warden to designate a indoor smoking and nonsmoking areas, and that inmates were allowed to smoke only in their cells. Plaintiff acknowledges that this response was upheld by the regional and national BOP offices as an appropriate response, but plaintiff names only the subsequent USPLVN warden (Warden Gallegos) as a defendant in addition to defendant Hughes.

4

Although plaintiff broadly contends his present health problems stem from his exposure to second hand smoke during his confinement at USPLVN, the court finds no allegations or facts in the instant action to plausibly establish that either named defendant personally participated in compelling plaintiff's continuing exposure to an environmental hazard that was contrary to contemporary standards at the time, or that posed an unreasonable risk of harm to plaintiff's health in the near future.  *See* Helling v. McKinney, 509 U.S. 25, 33 (1993); Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001). Accordingly, for the reasons stated herein and in the show cause order dated June 6, 2007, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 30th day of July 2008 at Topeka, Kansas.

```
 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
```