```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**WALTER HERNANDEZ, SR.,**

                   **Plaintiff,**

    **v.**                                   **CASE NO. 07-3004-SAC**

**E.J. GALLEGOS, et al.,**

                   **Defendants.**

### O R D E R

On July 30, 2008, the court dismissed plaintiff's complaint in this *Bivens* action as stating no claim for relief. Before the court is plaintiff's motion for an extension of time to file a response to that final order and judgment. Plaintiff cites his delayed receipt of the final order and judgment, and seeks additional time to prepare and submit a response to the court's dismissal of his complaint.

Plaintiff did not file his motion within ten days provided for filing a motion to alter and amend the judgment under Fed.R.Civ. P. 59(e). To the extent plaintiff now seeks an extension of time to do so, the court has no authority to grant such a request. *See* Searles v. Dechant, 393 F.3d 1126, 1130 n.5 (10th Cir. 2004)(*citing* Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1179 (10th Cir. 2000)). Accordingly, to the extent plaintiff seeks relief from the judgment entered in this matter on July 30, 2008, such relief is limited to

that provided under Rule 60(b).[1]  See id. at 1178 (a motion to reconsider filed more than ten days after the entry of judgment is to be construed as a motion for relief under Rule 60(b)).

Under the circumstances, no extension of time is required for plaintiff to seek relief from judgment for any reason provided under Rule 60(b).[2]  Thus to the extent plaintiff seeks such an extension, his motion is denied.[3]

IT IS THEREFORE ORDERED that plaintiff's motion for an extension of time (Doc. 17) is denied.

**IT IS SO ORDERED.**

DATED:  This 11th day of September 2008 at Topeka, Kansas.

  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2] See Fed.R.Civ.P. 60(c)("A motion under Rule 60(b) must be made within a reasonable time -  and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

[3] Although plaintiff's pleading makes no reference to an appeal, the court notes that no extension of time is necessary under the present circumstances for plaintiff to file a timely notice of appeal as provided by Fed.R.App.P. 4(a)(1)(B).

2