IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WALTER HERNANDEZ, SR.,

                    Plaintiff,

          v.                              CASE NO. 07-3004-SAC

E.J. GALLEGOS, et al.,

                    Defendants.


O R D E R

On July 30, 2008, the court dismissed plaintiff's complaint in this <u>Bivens</u> action as stating no claim for relief.  Before the court is plaintiff's motion for relief from that judgment, based upon plaintiff's discovery of new evidence.  Having reviewed the record, the court denies the motion.

Plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure.  That rule provides in relevant part:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

> reason justifying relief from the operation of the
> judgment."

Thus on the face of plaintiff's motion, it appears he seeks relief under Rule 60(b)(2), based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

In this case, plaintiff sought damages on allegations of being exposed to second hand smoke while incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN) in 2003 and 2004, and for the alleged violation of federal law by the USPLVN Warden and Chaplain.  Plaintiff further alleged the USPLVN Chaplain assigned him to cells with smoking inmates in retaliation for plaintiff raising a security concern that the Chaplain was dispensing three ring binders that were being fashioned into weapons.

In dismissing the complaint, the court found no allegations or facts to plausibly establish that any defendant personally participated in compelling plaintiff's continuing exposure to an environmental hazard that was contrary to contemporary standards at the time, or that posed an unreasonable risk of harm to plaintiff's health in the near future.  The court also specifically found plaintiff's claim of retaliation was time barred.

In the instant motion before the court, plaintiff cites his discovery of facts he contends were motivating the Chaplain's vindictive actions.  The cited facts, however, concern the Chaplain's past experiences at unspecified times with prisoners other than plaintiff, and the Chaplain's alleged resulting present state of mind regarding all prisoners.  Plaintiff also reasserts his

bare claims that the Chaplain intentionally told other prisoners that plaintiff was responsible for the binders being withdrawn which put plaintiff's personal safety at risk, and that USPLVN warden(s) violated federal law by allowing inmates to smoke in their cells. However, the motion presents no new evidence regarding these claims and allegations.

The court finds the "new evidence" cited by plaintiff is hardly material to plaintiff's claims, and is not evidence warranting a different outcome from the judgment rendered in this matter.  The court thus finds the motion fails to satisfy the demanding standard for obtaining relief from judgment under Rule 60(b)(2), or under the Rule 60(b)(6) to any extent plaintiff's motion can be liberally construed as seeking relief under that catchall provision.  *See* Ackermann v. United States, 340 U.S. 193, 199 (1959)(relief under Rule 60(b)(6) requires extraordinary circumstances).

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. 19) is denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of May 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3